■ PHILIP ZULKOFSKE, SR., Respondent, v GEORGE ZULKOFSKE, Appellant, and ROSEMARIE KLIMAR, Respondent. [602 NYS2d 551] —In an action for the partition of real property, the defendant George Zulkofske appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Roncallo, J.), dated May 20, 1991, as denied those branches of his motion which were for vacatur of a conditional order of preclusion of the same court dated September 13, 1990, for dismissal of certain causes of action, and for partial summary judgment, and transferred the action to the Surrogate's Court, Nassau County.

Ordered that the order is modified, as a matter of discretion, by deleting the provision thereof which denied that branch of the appellant's motion which was to vacate the prior order of the Supreme Court, Nassau County, dated September 13,

1990, and by substituting a provision granting that branch of the appellant's motion to the extent of modifying the order dated September 13, 1990, so as to provide that the appellant shall be precluded from offering evidence with respect to all matters as to which responses to certain interrogatories have been demanded and not served, unless the appellant serves responses to such interrogatories, and otherwise denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the appellant's time to answer the interrogatories is extended until 30 days after service upon him of a copy of this decision and order, with notice of entry.

Contrary to the appellant's contentions, the Supreme Court did not err in denying partial summary judgment. Questions of fact exist as to the transfer of the cider mill business to the appellant and the appellant's occupation of the land (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395).

Under all the circumstances of this case, we conclude, as a matter of discretion, that the appellant should have been afforded a further opportunity to respond to the interrogatories which were the subject of the Supreme Court's earlier order of preclusion. Accordingly, we have extended his time to respond for 30 days after service upon him of a copy of this decision and order, with notice of entry.

We have examined the appellant's remaining contentions and find them to be without merit. Bracken, J. P., Lawrence, Eiber and O'Brien, JJ., concur.